1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEAL GLENN STINE, BOP #55436-098; RAYMOND OECHSLE, BOP #44776-066, | Civil No.     08-0215 JM (AJB) |
| Plaintiffs, | **ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, PURSUANT TO 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |
| vs. | |
| SAN BERNARDINO COUNTY JAIL; J. TROTTER, San Bernardino Sheriff's Lieutenant; D. FLORENCE, San Bernardino Sheriff's Sergeant; MAHONEY, San Bernardino Sheriff's Sergeant, | |
| Defendants. | |

Mikeal Glenn Stine and Raymond Oechsle ("Plaintiffs"), both currently incarcerated at USP Florence ADMAX in Florence, Colorado, have jointly filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.   Plaintiffs claim their constitutional rights were violated by several San Bernardino County Sheriffs Department officials while they were temporarily held in the West Valley Detention Center as material witnesses in a criminal case. (Compl. at 2-5C.) Plaintiffs seek injunctive relief, the appointment of a special master and general and punitive damages.  (*Id.* at 7.)

Neither Plaintiff has prepaid the $350 civil filing fee mandated by 28 U.S.C. § 1914(a); however, both Plaintiffs have filed a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a) [Doc. Nos. 2, 3].

# I.

## LACK OF PROPER VENUE

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiffs are currently incarcerated at USP Florence ADMAX, and claim constitutional violations based on events which are alleged to have occurred at the West Valley Detention Center, which is located in San Bernardino County. *See* Compl. at 1-2. Moreover, no defendant is alleged to reside in the Southern District. *See* 28 U.S.C. 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."). All Defendants are instead alleged to be employed by San Bernardino County Sheriffs' Department and to reside in San Bernardino County. *See* Compl. at 2; *see also* 28 U.S.C. § 84(c) ("The Central District [of California] comprises 3 divisions. (1) The Eastern Division comprises the counties of Riverside and San Bernardino.").

Therefore, venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

1

## II.

2

### CONCLUSION AND ORDER

3        Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this

4   case for lack of proper venue, in the interests of justice and for the convenience of all parties, to

5   the docket of the United States District Court for the Central District of California, Eastern

6   Division, pursuant to 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[1]

7

8   DATED:  February 13, 2008

9                                                    _____
                                                     Hon. Jeffrey T. Miller
10                                                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28        [1] Because the Court finds transfer appropriate, it defers ruling on Plaintiffs' Motions to Proceed
    IFP to the Central District [Doc. Nos. 2, 3] and expresses no opinion as to whether Plaintiffs' Complaint
    alleges facts sufficient to survive the mandatory sua sponte screening provisions of 28 U.S.C. §§
    1915(e)(2) & 1915A.